IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT, INC., | ) | Civil Action No.: 3:21-CV-00229-X |
| | ) | |
| Plaintiff, | ) | **DEFENDANT KING OF FANS,** |
| | ) | **INC.'S MEMORANDUM OF LAW** |
| v. | ) | **IN SUPPORT OF MOTON TO** |
| | ) | **DISMISS FOR IMPROPER VENUE** |
| POWERMAX ELECTRIC CO., LTD., | ) | **OR, IN THE ALTERNATIVE,** |
| GUANGDONG, DM (ASIA) LIMITED, and | ) | **MOTION TO TRANSFER VENUE** |
| KING OF FANS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## Introduction

Plaintiff Air Vent, Inc. filed this lawsuit in the United States District Court for the Northern District of Texas (Dallas Division). The lawsuit arises out of Plaintiff Air Vent, Inc.'s involvement and resolution of a case in Ohio state court wherein non-party Travelers Indemnity Company sued Air Vent related to a June 30, 2016 fire loss at the property of Travelers' insured, Southington School District, located at 2482 OH-534 in Southington, Ohio. Following resolution of the Ohio state court matter, on February 2, 2021, Plaintiff filed this suit against Defendants Powermax Electric Co., Ltd., Guangdong, DM (Asia) Limited, and King of Fans, Inc. for contribution and indemnity.

The case should be dismissed because none of the events giving rise to the action occurred in or around Dallas, Texas, making the Northern District of Texas (Dallas Division) an improper venue pursuant to 28 U.S.C. § 1391(b). As such, the Court should dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b).

Alternatively, this case should be transferred to the United States District Court for the Northern District of Ohio under 28 U.S.C. § 1404(a) because the face of Plaintiff's complaint

demonstrates that this lawsuit has very minimal, if any, ties to Texas while Ohio has an overwhelming relationship to this case. With the bulk of operative facts and virtually all witnesses and evidence being in Ohio, the balance of factors under 28 U.S.C. § 1404(a) weigh heavily in favor of transfer to the Northern District of Ohio. For reasons of fairness, convenience, and efficiency, the Northern District of Ohio, not the Northern District of Texas, is the appropriate forum to litigate this dispute. Therefore, King of Fans respectfully requests that this Court issue an order transferring this matter to the Northern District of Ohio where the parties can litigate the Plaintiff's claim on its merits.

## Factual & Procedural Background

This suit arises from a June 30, 2016 fire at the commercial property of non-party Travelers Indemnity Company's insured, Southington School District, located at 2482 OH-534 in Southington, Ohio. Pl.'s Compl. (ECF No. 1) & Ex. A (ECF No. 1-2). Travelers sued Air Vent in Ohio state court related to the fire. *Id*. Travelers alleged that Air Vent manufactured a defective or otherwise faulty attic ventilation fan and that the fan caused the fire. *Id*. In particular, Travelers claimed the motor for the fan was defective and the fire caused in excess of $725,000.00 in property damages. *Id*. The parties reached a settlement where Air Vent paid $297,500.00 to Travelers. *Id*.

Air Vent filed its complaint against Defendants Powermax, DM (Asia), and King of Fans, on February 2, 2021, alleging causes of action for statutory indemnity, contractual indemnity, common law indemnity, breach of contract, breach of implied warranty, negligence and strict liability, contribution, indemnity, joint venture, joint enterprise, agency, alter ego, single business enterprise, and respondeat superior and master/servant related to its settlement of the Ohio case. Air Vent claims that King of Fans, Powermax, and DM (Asia) caused or contributed to the fire.

*Id*. According to Air Vent, King of Fans designed, manufactured, or sold the allegedly defective attic ventilation fan, or the motor for the fan, and King of Fans participated in a joint enterprise with Powermax and DM (Asia) that resulted in the manufacture or distribution of the attic vent fan.

Plaintiff served King of Fans with the summons and complaint on February 9, 2021 (ECF No. 8). On February 22, 2021, Plaintiff moved for application of special appointment of process server to transmit the pleadings abroad for service on Powermax and DM (Asia) (ECF No. 7). The Court granted Plaintiff's motion. *Id*. The deadline for King of Fans to answer, move, plead, or otherwise respond to the Plaintiff's complaint is April 23, 2021.

The Defendants to this action are neither citizens nor maintain principal places of business in Texas. Indeed, the Defendants are far removed from of Texas. Powermax and DM (Asia) are both foreign corporations based in China. Pl.'s Compl. (ECF No. 1). King of Fans is a Florida domestic corporation that maintains its principal place of business in Ft. Lauderdale, Florida. *Id*. Beyond that, Air Vent's suit arises from a fire that occurred in Southington, Ohio within the Northern District of Ohio. All of the records, documents, witnesses, and other evidence regarding the real property, the pre- and post-fire circumstances, the sale, installation, maintenance, service, and inspection of the allegedly defective attic vent fan, motor for the fan, and components for the fan and motor, the investigation of the fire's origin and cause, and the liability and damages claims arising from the fire are located in Ohio.

There is a total absence of any connection to Texas other than Air Vent being located in Texas. As a result, venue in Texas is improper and this case should be dismissed or, in the alternative, the case should be transferred to the Northern District of Ohio because that is where the events took place, the property is situated, and the witnesses are located.

It should also be noted that King of Fans has no connection to the attic ventilation fan at issue and no connection to Air Vent. Declaration of David E. Bridges, Esq. (Ex. A); Third-Party Def.'s Resps. to Third-Party Pl.'s First Set of Interrogs. (Ex. A-1). King of Fans does not manufacture, design, sell, distribute, or do anything related to attic ventilation fans and it does not do business with Air Vent. *Id*. As a result, King of Fans has no expectation of being sued in Texas related to a case involving an Air Vent attic ventilation fan. Even if a connection existed between King of Fans and the attic ventilation fan, this case should not be decided in Texas. None of the Defendants are located in Texas, King of Fans did not agree to jurisdiction in Texas, the evidence is in Ohio, most of the witnesses are in Ohio, and, of the witnesses who are not in Ohio, only Air Vent's witnesses are in Texas and subject to the subpoena power of the Northern District of Texas. Ohio is more convenient for the parties and it is more convenient and judicially efficient for Ohio to apply its own laws. Judicial economy weighs in favor of transfer to Ohio and little, if any, weight should be given to Air Vent, Inc.'s choice of forum. There is no reasonable basis to expect King of Fans, or the other defendants, to litigate this case in Texas. Therefore, this case should be dismissed, or in the alternative, transferred to the Northern District of Ohio.

## Analysis

**I. Applicable legal standards for motions to dismiss for improper venue.**

The general venue provisions within 28 U.S.C. § 1391 provide limited places where an action can be properly heard:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought **only** in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may

otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added). Additionally, Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of civil actions for improper venue under 28 U.S.C. § 1406(a). Per 28 U.S.C. § 1406(a), "[t]he district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, when a defendant questions the plaintiff's choice of venue, the burden shifts to the plaintiff to identify facts establishing that venue is appropriate in the district in which the action is pending. *Examination Management Services, Inc. v. Partners for Insurance, L.L.C.*, No. 3:03-CV-1665-B, 2005 WL 280323, at * 6 (N.D. Tex. Feb. 3, 2005) (Boyle, J.); Optimum Return, LLC v. Cyberkatz Consulting, Inc., Inc., No. 3:03-CV-1064-D, 2004 WL 827835, at *4 (N.D. Tex. March 26, 2004) (Fitzwater, J.) (finding that once an objection to venue is raised by motion, the burden of sustaining venue shifts to the nonmoving party); *Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002). Here, venue is not appropriate in the Northern District of Texas and Plaintiff has not, and cannot, meet its burden to show the case should be in Texas.

**II.    Venue in the Northern District of Texas (Dallas Division) is improper and this action should be dismissed.**

Venue is not proper in the Northern District of Texas (Dallas Division) under 28 U.S.C. § 1391(b)(1) because none of the Defendants in this case are citizens of Texas or maintain principal places of business in Texas. Pl.'s Compl. (ECF No. 1). Powermax and DM (Asia) are both foreign corporations based in China. *Id*. King of Fans is a Florida domestic corporation that maintains its principal place of business in Ft. Lauderdale, Florida. *Id*.; *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003). *Gogolin & Stelter v. Karn's Auto Imports, Inc.*, 888 F.2d 100, 104 (5th Cir. 1989) (quoting *Olberding v. Ilinois Cent. R.R.*, 346 U.S. 338, 340 (1953) ("unless the defendant has …

consented to be sued in that district, he has a right to invoke the protection which Congress has afforded him.").

Venue is also improper under 28 U.S.C. § 1391(b)(2) because the Northern District of Texas (Dallas Division) is not the venue in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In determining where a "substantial part of the events or omissions giving rise to the claim" occurred, Courts "look[] to the defendant's conduct, and where that conduct took place." *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (citing *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995)). Air Vent's lawsuit arises from a June 30, 2016 fire that occurred in Southington, Ohio. All of the records, documents, witnesses, and other evidence regarding the real property, the pre- and post-fire circumstances, including the sale, installation, maintenance, service, and inspection of the allegedly defective attic vent fan, motor for the fan, and components for the fan and motor, the investigation of the fire's origin and cause, and the alleged liability and damages  are located in Ohio. The only connection this case has to the Northern District of Texas is that Plaintiff is located there. Pl.'s Compl. (ECF No. 1). Yet, "[a]ctions taken by a plaintiff do not support venue[.]" *Bingham*, 123 F. Supp. 2d at 1048 (Citing *Woodke*). Further, the location of counsel is irrelevant to the Court's venue analysis and an improper factor to consider.

Finally, venue is also improper under 28 U.S.C. § 1391(b)(3) because, as discussed above, a substantial part of the events or omissions giving rise to this action occurred in Ohio. Since venue can be had in the Northern District of Ohio under 28 U.S.C. § 1391(b)(2), Plaintiff's attempted venue in the Northern District of Texas is improper under 28 U.S.C. § 1391(b)(3) and the Court should dismiss Plaintiff's complaint under Rule 12(b)(3) and 28 U.S.C. § 1406(a).

6

### III.     In the alternative, the Court should transfer venue to the Northern District of Ohio.

In the alternative to dismissing the case, the Court should at least transfer the matter to the Northern District of Ohio where Air Vent should have brought the case at the outset.

Under 28 U.S.C. § 1404(a), a District Court may transfer a case to another judicial district where the lawsuit might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The purpose of transferring the case is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

The United States Court of Appeals for the Fifth Circuit makes it clear that a transfer is to be ordered where, as here, the transferee forum is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Plaintiff's choice of venue is not, and should not, be a factor considered in this analysis because precedent from the Fifth Circuit forbids treating plaintiff's choice of venue as a distinct factor in the 28 U.S.C. § 1404(a) analysis. *In re TS Tech USA Corp.*, No. 888, slip op. at 5-6 (Fed. Cir. 2008) (holding District Court committed "key error" by weighing plaintiff's choice of venue as a factor, thereby giving it "inordinate weight"). Instead, Plaintiff's choice of venue corresponds to the burden the moving party must meet to sufficiently demonstrate convenience of the transferee forum. *Id.* (citing *Volkswagen*, 545 F.3d at 314 n.10).

District Courts weigh several factors in considering whether to grant a motion to transfer venue, including, the litigants' convenience and the public interest in the fair and efficient administration of justice. *Langton v. Cbeyond Communication, L.L.C.*, 282 F. Supp. 2d 504, 509 (E.D. Tex. 2003). The private interest factors of the litigants include the relative ease of access to

sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include the administrative difficulties flowing from court congestion; the local interest in having localized disputes decided at home; the familiarity of the forum with the law that will govern the case; and the avoidance of unnecessary problems of conflict of laws or the application of foreign law. *Id.* (citing *Reyno*, 454 U.S. at 241 n.6).

> 1. **The private interest factors weigh heavily in favor of the Court transferring this case to the Northern District of Ohio for the convenience of parties and witnesses.**

The private interest factors strongly support transferring this case to the Northern District of Ohio. First, the availability of compulsory process to secure the attendance of witnesses favors transfer to the Northern District of Ohio. *Volkswagen*, 545 F.3d at 316 (finding a venue that enjoys absolute subpoena power for trial is more convenient than a venue in which subpoenas will be subject to motions to quash). The relative convenience of witnesses is often recognized as one of the most important factors to be considered when ruling on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Woolf v. Mary Kay Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001). As it relates to witnesses, venue is considered convenient in the district or division where the majority of witnesses are located. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 832 (E.D. Tex. 2002) (internal citation omitted). District Courts must concentrate primarily on the availability and convenience of key witnesses when considering the availability and convenience of witnesses. *Shoemake*, 233 F. Supp. 2d at 832.

This factor weighs heavily in favor of the Court transferring this case to the Northern

District of Ohio. The claims involve the installation of an attic ventilation fan in Ohio, the use and maintenance of the fan in Ohio, a fire at property in Ohio, a response to the fire in Ohio, an investigation of the fire in Ohio, and alleged damages that occurred in Ohio. In short, the great majority, if not all, of the witnesses regarding the fan, the fire, and the damages are in Ohio. The need for transfer is illuminated by the fact that the Northern District of Ohio can compel these various non-party witnesses to attend trial by subpoena. The Northern District of Texas cannot. Because the Ohio witnesses cannot be compelled to go to Texas for trial, the trial needs to be in Ohio where the event occurred and the witnesses are located.

Third, the relative ease of access to sources of proof weighs in favor of transfer because the substantial majority, if not all, of the documentary and physical evidence is located in the Ohio. The location of evidence in another district is "a meaningful factor in the analysis" notwithstanding advances in electronic transfer and storage of information. *Volkswagen*, 545 F.3d at 316; *TS Tech*, No. 888, slip. op at 7.

The fire occurred in the Northern District of Ohio and that is the only judicial district in the United States where the great majority of the non-party witnesses, documents, and other physical evidence relating to the fire may be found. The allegedly defective attic ventilation fan, motor for the fan, and components for the fan and motor were installed, tested, inspected, maintained, serviced, and repaired at the Southington School District's commercial property in the Northern District of Ohio. None of the Defendants, including King of Fans, Powermax, and DM (Asia) maintain any documents or evidence in the Northern District of Texas, and none of their representatives are located in Texas. Based on the underlying Ohio state court matter that forms the basis of Air Vent's complaint, most, if not all of the facts, circumstances and documents at issue are located in Ohio where the fire-damaged commercial property is situated. As a result, this

9

factor weighs heavily in favor of transfer, too.

The consideration of all other practical problems is the final private interest factor. That factor states the Court should consider all other practical problems that make trial easy, expeditious, and inexpensive. *Volkswagen*, 545 F.3d at 315. Based on the information to date, the problems that trial in Texas will cause are outlined above and those problems weigh heavily in favor of the case being transferred to Ohio.

Based on the applicable case law, the transferee venue, Ohio, is "clearly more convenient" for this case than Texas. *TS Tech*, No. 888, slip op. at 4. While King of Fans is not required to show that the 28 U.S.C. § 1404(a) factors "substantially outweigh the plaintiff's choice of venue" because that would give "inordinate weight" to the plaintiff's choice (*Id.*; *Volkswagen*, 545 F.3d 315), the private interest factors do substantially weigh in favor of transferring the case to Ohio and that is where the case should occur.

### 2. The public interest factors also heavily favor transfer to the Northern District of Ohio.

The four public interest factors also favor transfer. First, there are administrative concerns that favor transfer of this case to the Northern District of Ohio. The Administrative Office of the United States Courts' 2020 Federal Court Management Statistics, a comparison of the judicial caseload of the Northern District of Ohio and the Northern District of Texas, weigh in favor of transfer. Declaration of David E. Bridges, Esq. (Ex. A); Judicial Caseload Profile Report (N.D. Ohio) (Ex. A-2). The Northern District of Ohio has a lower number of total cases pending as of September 30, 2020 than the Northern District of Texas. *Id*. The Northern District of Ohio had 667 pending cases, whereas the Northern District of Texas had 1,193 pending cases. *Id*. Also, with a median time of only 10.3 months between the filing of an action and disposition, the Northern District of Ohio ranked 63rd among all United States District Courts in those respects. *Id*. In

contrast, the Northern District of Texas had a median time of 13.3 months between the filing of an action and disposition for the same period, and ranked 86th among all United States District Courts. Declaration of David E. Bridges, Esq. (Ex. A); Judicial Caseload Profile Report (N.D. Tex.) (Ex. A-3). Permitting this case to proceed in the Northern District of Texas, when the case has no connection to Texas, would unnecessarily congest the Northern District of Texas' docket. This public sector factor weighs in favor of transfer.

Second, the public interest in having localized interests decided at home weighs in favor of transfer. This factor looks to "the 'factual connection' that a case has with both the transferee and transferor venues." *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 769 (E.D. Tex. 2009) (citing *In re Volkswagen AG*, 371 F.3d at 206). Indeed, "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Id.*

Here, other than the Air Vent and its counsel being located in Texas, there are no other connections between this case and Texas. King of Fans, Inc. is not connected to the alleged product but, even if it was, none of the defendants are located or maintain their principal places of business in Texas and the domicile of the Defendants is given greater weight than the Plaintiff's choice of venue and even where the events took place.

Further, the fire at issue occurred in Southington, Ohio within the Northern District of Ohio. Most, if not all, of the records, documents, non-party witnesses, and other evidence regarding the real property, pre- and post-fire circumstances, including the sale, installation, maintenance, service, and inspection of the allegedly defective attic vent fan, motor for the fan, and components for the fan and motor, the investigation of the fire's origin and cause, and liability and damages claims are located in the Northern District of Ohio. The jury in the Northern District of Texas should not be burdened with deciding questions of fact that arise wholly in the Northern

11

District of Ohio. *Fujitsu Ltd.*, F. Supp. 2d at 769. As such, the Northern District of Ohio has a public interest in deciding claims that occur within its confines and this factor weighs strongly in favor of transfer.

The next public interest factor, the familiarity of the forum with the law that will govern the case, favors transfer. Specifically, King of Fans submits that the Northern District of Ohio is better prepared to address the application of Ohio substantive law than the Northern District of Texas. While the Northern District of Texas and Northern District of Ohio are both certainly capable of resolving substantive causes of action under Ohio law, this factor tips in favor of transfer because it is unnecessary for the Northern District of Texas to interpret Ohio substantive law when the case could be in Ohio where the Northern District of Ohio can do so. Further, transfer reduces the opportunity for the incorrect application of Ohio substantive law.

Finally, transferring this case to the Northern District of Texas does not present any conflict of laws issues. The fire occurred at the property in Southington, Ohio within the Northern District of Ohio. Unless otherwise stated in a contract between the parties, the expectation of the parties is that the law of Ohio, where the fire occurred, will govern the case. As such, there should be no dispute that Ohio substantive law governs this case. Here, King of Fans has no contractual relationship with Plaintiff. King of Fans had neither reason nor occasion to agree to jurisdiction in Texas or that Texas law would apply. Since Ohio law governs this case and there are no conflict of law issues, this factor also favors transfer of the case to Ohio.

## Conclusion

Defendant King of Fans, Inc. requests that Plaintiff Air Vent, Inc.'s complaint be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b). None of the events giving rise to the action occurred in or around Dallas, Texas, making the Northern

District of Texas (Dallas Division) and improper venue pursuant to 28 U.S.C. § 1391(b). As such, the Court should dismiss this case for improper venue.

Alternatively, the balance of factors under 28 U.S.C. § 1404(a) and the applicable case law, weigh heavily in favor of transferring this case to the Northern District of Ohio. Access to the sources of proof will be easier in the Northern District of Ohio because the fire that forms the basis of Plaintiff's complaint occurred there and the physical evidence and most, if not all, of the witnesses are located there. None of the Defendants are located in Texas. The Northern District of Texas is only convenient for Air Vent because its business and counsel are located there. Air Vent's presence in Texas is insufficient to prevent transfer. This case should be litigated in the Northern District of Ohio.

King of Fans respectfully requests that this Court dismiss the case or, in the alternative, transfer the case to the Northern District of Ohio where the incident occurred, the evidence is located, and there is an actual connection between the matter and the court and jury.

Respectfully submitted,

**MEAGHER + GEER, P.L.L.P.**

Dated:  April 23, 2021    By:    *s/David E. Bridges*
David E. Bridges, Esq. (MN No. 0397004)
(TX No. 24092170)
Chad J. Stepan, Esq. (MN No. 0279535)
(*Pro Hac Vice* Motion Forthcoming)
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
P: (612) 338-0661
F: (612) 338-8384
E: dbridges@meagher.com
E: cstepan@meagher.com
*Counsel for Defendant King of Fans, Inc.*

**Certificate of Service**

      This is to certify that on April 23, 2021, a true and correct copy of the foregoing has been served electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record, pursuant to the Federal Rules of Civil Procedure:

**HEYGOOD, ORR, & PEARSON**
Eric D. Pearson, Esq. (TX No. 15690472)
6363 N. State Highway 161
Suite 450
Irving, TX 75038
P: (214) 237-9001
F: (214) 237-9002
E: eric@hop-law.com
*Counsel for Plaintiff Air Vent, Inc.*

Dated:  <u>April 23, 2021</u>      By:    <u>*s/David E. Bridges*</u>
                                            David E. Bridges, Esq. (MN No. 0397004)
                                            (TX No. 24092170)