HE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AIR VENT, INC., §
§
Plaintiff, §
vs. §     CIVIL ACTION NO. 3:21-cv-00229-X
§
POWERMAX ELECTRIC CO., LTD., §
GUANGDONG, DM (ASIA) LIMITED, §
and KING OF FANS, INC., §
§
Defendants. §

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE
ALTERNATIVE, MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT**

---

Respectfully submitted,

*/s/ Eric D. Pearson*
Eric D. Pearson
State Bar No. 15690472
eric@hop-law.com
**HEYGOOD, ORR & PEARSON**
6363 N. State Highway 161
Suite 450
Irving, Texas 75038
(214) 237-9001 Telephone
(214) 237-9002 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND ............................................................................. 1

ARGUMENT AND AUTHORITIES ................................................................ 4

   I.    Defendant's Motion to Dismiss under 28 U.S.C. §1391(b) should be denied................... 4

   II.   Defendant's Motion to Transfer Venue under 28 U.S.C. §1404(a) should be denied........ 8

       A.  The Court should deny KOF's motion to transfer this case to Ohio because KOF has failed to show that the Ohio court has jurisdiction over all Defendants...................... 8

       B.  Even if the Court ignores the jurisdictional problem, KOF bears a significant burden in overcoming AVI's choice of its home forum. ....................................................... 9

       C.  Even if the Court ignores the jurisdictional problem, the private interest factors favor maintaining  venue in Texas rather than dismissing this case in favor of an Ohio forum.................................................................................................................... 10

          1. The relative ease of access to sources of proof favors maintaining venue in Texas. ....................................................................................................................... 10

          2. The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses favor maintaining venue in Texas. ...................................................................................................... 12

          3. All other practical problems that make trial of a case easy, expeditious and inexpensive favor maintaining venue in Texas rather than transferring the case to Ohio.................................................................................................................... 15

          4. Conclusion. ........................................................................................... 15

       D.  Even if the Court ignores the jurisdictional problem, the public interest factors favor maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum.................................................................................................................... 16

          1. The administrative difficulties flowing from court congestion favors maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum. .............. 16

          2. The local interest in having localized controversies resolved at home favors maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum.................................................................................................................... 17

          3. The interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action and the avoidance of unnecessary problems in conflicts of law, or in application of foreign law, favors maintaining venue in Texas rather than transferring it to Ohio. .......................................................................... 20

          4. Conclusion. ........................................................................................... 22

CONCLUSION AND PRAYER ................................................................................................. 23

CERTIFICATE OF SERVICE .................................................................................................. 23

## TABLE OF AUTHORITIES

### Cases

*Adaptix, Inc. v. HTC Corp.,*
    937 F. Supp. 2d 867 (E.D. Tex. 2013) ................................................................. 8

*Advance Dynamics Corp. v. Mitech Corp.,*
    729 F. Supp. 519 (N.D. Tex. 1990) ..................................................................... 4

*Allcapcorp, Ltd. Co. v. CHC Consulting*,
    No. 3:17-cv-0757, 2019 WL 417995 (N.D. Tex. Jan. 10, 2019) ......................... 8

*Allchem Performance Products, Inc. v. Oreq Corp.,*
    No. 3:11-cv-3577, 2013 WL 180460 (N.D. Tex. Jan. 17, 2013) ....................... 14

*Am. Gen. Life Ins. Co. v. Rasche*,
    273 F.R.D. 391 (S.D. Tex. 2011) ........................................................................ 6

*American Steamship Owners Mutual Protection and Indemnity Assoc. v. LaFarge North America, Inc.*,
    474 F. Supp. 2d 474 (S.D.N.Y. 2007) ............................................................... 19

*Bennett v. Moran Towing Corp.*,
    181 F. Supp. 3d 393 (S.D. Tex. 2016) ................................................................ 9

*Brunswick Corp. v. Fitness 19 OH 237, LLC*,
    No. 190 C 1503, 2019 WL 2326000 (N.D. Ill. May 31, 2019) ......................... 19

*CIT Group/Commercial Serv., Inc. v. Romansa Apparel, Inc.*,
    No. 3:02-cv-1954, 2003 WL 169208 (N.D. Tex. Jan.21, 2003) ......................... 7

*Citicapital Commercial Corp. v. First Nat. Bank of Fort Smith*,
    No. CIV A3:04-cv-0302, 2005 WL 856886 (N.D. Tex. April 11, 2005) ......... 13

*CMC Steel Fabricators, Inc. v. Franklin Investment Corp.*,
    No. 3:15-cv-2854, 2016 WL 3418974 (N.D. Tex. June 22, 2016) ................... 22

*Constitution Reinsurance Co. v. Stonewall Ins. Co.*,
    872 F. Supp. 1247 (S.D.N.Y. 1995) ................................................................. 20

*Examination Management Services, Inc. v. Partners for Insurance, LLC*,
    No. CIVA 3:03-cv-1665, 2005 WL 280323 (N.D. Tex. Feb. 3, 2005) .............. 4

*Farm & Ranch Services, Ltd. v. LT Farm & Ranch, LLC*,
    No. 5:08-cv-095, 2008 WL 11349973 (N.D. Tex. Nov. 20, 2008) .................. 14

*Feline Instincts, LLC v. Feline Future Cat Food Co.*,
No. 4:09-cv-644, 2010 WL 4942188 (N.D. Tex. Dec. 6, 2010)........................................ 4

*Great West Casualty Co. v. Ross Wilson Trucking*,
No. 3:16-cv-03253, 2017 WL 707484 (C.D. Ill. Feb. 22, 2017) .................................... 19

*Gutierrez v. Collins,*
583 S.W.2d 312 (Tex. 1979)........................................................................................... 21

*Healthpoint, Ltd. v. Dermas Sciences, Inc.*,
939 F. Supp. 2d 680 (W.D. Tex. 2013).................................................................... 12, 14

*Herrera v. Michelin North America, Inc.*,
No. B-07-114, 2009 WL 700645 (S.D. Tex. March 16, 2009)........................................ 22

*Illinois Union Ins. Co. v. Tri Core Inc.*,
191 F. Supp. 2d 794 (N.D. Tex. 2002) ........................................................................... 8

*In re Volkswagen of America*,
545 F.3d 304 (5th Cir. 2008) ................................................................................... 9, 10

*LeDoux v. Isle of Capri Casinos, Inc.*,
218 F. Supp. 2d 835 (E.D. Tex. 2002) ........................................................................... 9

*Magana v. Toyota Motor Corp.*,
No. 3:10-cv-1451, 2010 WL 5108850 (N.D. Tex. Dec. 6, 2010);................................... 13

*McCaskey v. Cont'l Airlines, Inc.,*
133 F. Supp. 2d 514 (S.D. Tex. 2001) ........................................................................... 4

*Monster Cable Products Inc. v. Trippe Mfg. Co.*,
No. 9:07-cv-286, 2008 WL 2492060 (E.D. Tex. June 18, 2008) ....................... 12, 13, 14

*Moto Photo, Inc. v. KJ Broadhurst Enterprises, Inc.*,
No. 301cv2282, 2003 WL 298799 (N.D. Tex. Feb. 10, 2003) ....................................... 13

*Nations AG II, LLC v. The Hide Co. LLC*,
No. Civ. A. 3:04-cv-0511, 2004 WL 1496312 (N.D. Tex. June 30, 2004) ..................... 11

*Optimum Return LLC v. Cyberkatz Consulting, Inc.*,
No. Civ.A.3:03-cv-1064, 2004 WL 827835 (N.D. Tex. March 26, 2004) ........................ 4

*Peppers Unlimited, Inc. v. Trujillo*,
No. 4:18-cv-01001, 2019 WL 4689010 (N.D. Tex. Sept. 26, 2019) ................................ 6

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 249, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981)............................................ 10

*Qu-Soft LLC v. Dominion Siding, LLC*,
    2020 WL 8678735 (W.D. Tex. Oct. 22, 2020) ................................................................ 11

*Snelling Emp't, LLC v. Doc Johnson Enters.*,
    No. 3:18-cv-0521. 2018 WL 3659067 (N.D. Tex. Aug. 2, 2018) ..................................... 6

*Symbol Technologies, Inc. v. Metrologic Instruments, Inc.*,
    450 F. Supp. 2d 676 (E.D. Tex. 2006) ............................................................................ 12

*Tellez v. Madrigal*,
    223 F. Supp. 3d 626 (W.D. Tex. 2016)............................................................................. 9

*Tempur-Pedic Intern. v. Go Satellite Inc.*,
    758 F. Supp. 2d 366 (N.D. Tex. 2010) ............................................................................. 9

*Ternium International U.S.A. Corp. v. Consolidated Systems, Inc.,* Civ. No. 3:08–CV–0816–G,
    2009 WL 464953 (N.D. Tex. Feb. 24, 2009)................................................................... 14

*The Home Indemnity Co. v. Stimson Lumber Co.*,
    229 F. Supp. 2d 1075 (D. Ore. 2001)............................................................................. 20

*Transcontinental Ins. Co. v. Coreslab Structures Inc.*,
    No. 3:01-cv-2589, 2002 WL 570880 (N.D. Tex. April 12, 2002)................................... 20

*United National Ins. Co. v. EOG Resources*,
    No. H-07-556, 2007 WL 3001668 (S.D. Tex. Oct. 11, 2007) ........................................ 19

*Victory Renewables, LLC v. Energy Trading Co., LLC*,
    No. 3:18-cv-00456, 2019 WL 2539209 (N.D. Tex. Feb. 8, 2019) .................................... 8

*Wash Solutions, L.L.C. v. Auto Spa of Oklahoma, L.L.C.*,
    No. 3-06-CV-0437-BD, 2006 WL 1348748 (N.D. Tex. May 16, 2006) ........................ 13

*Weber v. PACTXPP Techs., AG*,
    811 F.3d 758 (5th Cir. 2016) ......................................................................................... 16

*Wolf Network, LLC v. AML Diagnostics, Inc.*,
    2016 WL 1357742 (N.D. Tex. April 5, 2016) .................................................................. 6

*XY, LLC v. Trans Ova Genetics, LC*,
    No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. April 5, 2017)....................... 10

*Zurich American Ins. Co. v. Tejas Concrete & Materials, Inc.*,
    982 F. Supp. 2d 714 (N.D. Tex. 2013) .......................................................................... 5, 7

## **Statutes**

28 U.S.C. §1404(a) ........................................................................................................................... 8

Plaintiff files this Response to Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue and Brief in Support and would respectfully show the Court as follows:

## INTRODUCTION

In response to purchase orders issued from Dallas, Texas by Dallas-based Air Vent, Inc. ("AVI"), Defendants shipped millions of electric fan motors to Plaintiff in Dallas, Texas. Those motors were then incorporated into AVI's powered attic fans in Dallas, Texas. The completed attic fans were then shipped from Dallas, Texas to purchasers throughout the United States. One of the fans caused a fire at a school in Ohio due to the failure of the fan motor manufactured by Defendants. A lawsuit was filed against AVI in Ohio, which AVI defended and then settled.

AVI thereafter filed this suit for indemnity and breach of contract in its home forum. The lawsuit seeks as damages the amounts AVI paid to defend and settle the Ohio lawsuit. Plaintiff has its principal place of business in Dallas, Texas. No Defendant is an Ohio corporation or has its principal place of business in Ohio. The fact that the Defendants' fan motor caused a fire in Ohio is purely fortuitous. For purposes of venue, the relationship among the parties in this case was centered in Texas, not Ohio. Despite these facts, Defendant has filed a Motion seeking to dismiss this case for improper venue or to transfer it to the Northern District of Ohio. For the reasons set forth below, Defendant's Motion should be denied.

## FACTUAL BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business located at 4117 Pinnacle Point Drive, Suite 400, Dallas, Texas 75211. Appendix 001 (Dkt-1) at ¶1. Defendant King of Fans, Inc. ("KOF") is a Florida corporation with its principal place of business located at 1951 N.W. 22nd Street, Fort Lauderdale, Florida 33311. Appendix 002 at ¶4. Defendant Powermax Electric Co., Ltd, Guangdong ("Powermax") is a foreign corporation based in China

1

that designed, manufactured and/or otherwise placed the subject fan motor in the stream of commerce and purposefully availed itself of the rights and benefits of the State of Texas so that it would be reasonably foreseeable that it would be subject to the laws of the State of Texas relating to this product.  Appendix 001 at ¶2.  Finally, Defendant DM (Asia) Limited ("DMA") is a foreign corporation based in China that designed, manufactured and/or otherwise placed the subject fan motor in the stream of commerce and purposefully availed itself of the rights and benefits of the State of Texas so that it would be reasonably foreseeable that it would be subject to the laws of the State of Texas relating to this product.  Appendix 001 at ¶3.

AVI is a manufacturer and seller of attic ventilation products.  Some of the products sold by AVI include powered attic ventilation fans. All powered attic ventilation fans sold by AVI include completed fan motors manufactured by third parties.  Third-party motor manufacturers design, manufacture and sell their motors to AVI as completed units.  All fan motors included in AVI fans are purchased by AVI as completely assembled, ready to install units. Appendix 002 at ¶8.  AVI does not manufacture any motorized, energized or powered component in its fan assemblies that are capable of failing or malfunctioning in a way that could possibly be an ignition source for, or the cause of, a fire.  Appendix 003 at ¶9

In February 2018, The Travelers Indemnity Company filed suit against AVI in state court in Ohio alleging that AVI designed, formulated, produced, made, constructed and assembled a Power Cool Plus 15 Power Adding Ventilator (the "AVI Attic Fan") that was installed at the Southington Local School District's Middle School in Southington, Ohio (the "Southington Suit"). The Complaint further alleged that on June 30, 2016, a fire occurred at the school that caused significant damage to the school and its contents.  The Complaint alleged that the fire originated

in, and was caused by a defect in, the AVI Attic Fan. According to the Complaint, the fire caused property damage in excess of $725,000. Appendix 003 at ¶9; Appendix 016-022.

AVI did not design or participate in the design of the attic fan motor (the "Fan Motor") that was alleged to have caused the fire that was the basis of the Southington Suit. Rather, the Fan Motor was manufactured by Powermax/KOF and was sold to AVI by Powermax/KOF and/or DMA and then shipped directly from Powermax to AVI in Dallas, Texas for incorporation into the AVI Attic Fan. AVI did not in any way change, modify, or alter the Fan Motor. AVI installed the Fan Motor at issue into its fan housing in good and workmanlike manner by attaching the motor to the housing. Appendix 003 at ¶13. This work was performed in Dallas, Texas. Appendix 024 at ¶4.

All fan motors purchased by AVI from Powermax/KOF through DMA, including the subject Fan Motor, were purchased through the issuance of formal Purchase Orders ("POs") issued by AVI from its office in Dallas, Texas. Appendix 024 at ¶5. The POs contained Purchase Order Terms and Conditions ("POTC") that were included with and made a part of each Purchase Order. Appendix 026 at ¶8. Each shipment of motors AVI received from DMA at AVI's Dallas Facility was accompanied by DMA's "confirmations" which referenced the separately numbered POs with the POTC attached. Appendix 004 at ¶17. The POTC that governed the Subject Fan Motor had a provision selecting either Texas or New York law. Appendix 026 at ¶8.

As stated above, the Subject Fan Motor manufactured, sold and distributed by Defendants caused a fire at a school in Ohio. Appendix 026 at ¶9. The Southington Suit was thereafter filed against AVI in the Northern District of Ohio. Appendix 016-022. According to the Complaint in the Southington Suit, the fire caused property damage in excess of $725,000. *Id.*

AVI answered and defended the Southington Suit. During the extensive litigation, AVI incurred substantial costs and legal fees. Appendix 027 at ¶10. AVI eventually settled the Southington Suit for $297,500. *Id.* As part of the settlement, AVI obtained releases on behalf of the Defendants herein. AVI then filed the instant lawsuit seeking contribution and indemnity from the Defendants.

## ARGUMENT AND AUTHORITIES

### I.    Defendant's Motion to Dismiss under 28 U.S.C. §1391(b) should be denied.

When a defendant raises the issue of proper venue, the plaintiff must identify facts establishing that venue is appropriate in the district in which the action is pending. *Advance Dynamics Corp. v. Mitech Corp.,* 729 F. Supp. 519, 519 (N.D. Tex. 1990). In deciding whether venue is proper, the Court accepts uncontroverted facts alleged in the complaint as true and resolves conflicts in the parties' affidavits in favor of the plaintiff. *McCaskey v. Cont'l Airlines, Inc.,* 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *see also Optimum Return LLC v. Cyberkatz Consulting, Inc.*, No. Civ.A.3:03-cv-1064, 2004 WL 827835 at *4 (N.D. Tex. March 26, 2004) (in establishing proper venue, "[t]he uncontroverted facts contained in plaintiff's complaint are taken as true, and any factual conflicts demonstrated in the parties' documents and affidavits will be resolved in the plaintiff's favor."). To prevail on a motion to dismiss, a defendant must present facts that will defeat a plaintiff's assertion of venue. *Feline Instincts, LLC v. Feline Future Cat Food Co.,* No. 4:09-cv-644, 2010 WL 4942188 at *4 (N.D. Tex. Dec. 6, 2010).

"Where subject matter jurisdiction is grounded solely on the diverse citizenship of the parties, venue is proper, among other places, in 'a judicial district in which a substantial part of the events or omission giving rise to the claim occurred.'" *Examination Management Services, Inc. v. Partners for Insurance, LLC*, No. CIVA 3:03-cv-1665, 2005 WL 280323 at *6 (N.D. Tex. Feb. 3, 2005); *Feline Instincts, LLC,* 2010 WL 4942188 at *4 ("A proper venue is established in a

4

particular district so long as 'substantial' activities took place in that district").  "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Zurich American Ins. Co. v. Tejas Concrete & Materials, Inc.*, 982 F. Supp. 2d 714, 722 (N.D. Tex. 2013).  Here, the allegations set forth in AVI's Complaint and the Declaration of Brad Holland demonstrate that a substantial number of the events relating to the claims herein occurred in this District:

- Plaintiff AVI has its principal place of business located at 4117 Pinnacle Point Drive, Suite 400, Dallas, Texas 75211.

- The Fan Motor that was alleged to have caused the fire that was the basis of the Southington Suit was manufactured by Powermax/KOF and was sold to AVI by Powermax/KOF and/or DMA and then shipped directly from Powermax to AVI in Dallas, Texas for incorporation into the AVI Attic Fan.

- All fan motors purchased by AVI from Powermax/KOF through DMA, including the subject Fan Motor, were purchased through the issuance of formal Purchase Orders ("POs") issued by AVI from its office in Dallas, Texas.  The POs contained Purchase Order Terms and Conditions ("POTC") that were included with and made a part of each Purchase Order.

- Each shipment of motors AVI received from DMA at AVI's Dallas Facility was accompanied by DMA's "confirmations" which referenced the separately numbered PO's with the POTC attached;

- The POTC that governed the Fan Motor included a provision stating that the PO for the motor was to be governed by either Texas or New York law;

- The Fan Motor was received by AVI In Dallas, Texas;

- The Fan Motor was incorporated into AVI's powered attic fan in Dallas, Texas;

- The completed AVI Attic Fan was shipped from Dallas, Texas to the purchaser;

- AVI alleges that Defendant breached a contract executed by AVI in Dallas, Texas by failing to reimburse AVI for the costs of defending and settling the Southington Suit; and

- The lawsuit seeks as damages the amounts AVI, a Dallas resident, paid to defend and settle the Ohio lawsuit.

Appendix 001 at ¶1; Appendix 003 at ¶13; Appendix 004 at ¶17; Appendix 007 at ¶26; Appendix 024 at ¶¶3-5; Appendix 025 at ¶6; Appendix 026 at ¶¶8-9; Appendix 027 at ¶10.

Given the foregoing uncontroverted facts, KOF is simply wrong when it alleges that the case should be dismissed under 28 U.S.C. § 1391(b) because "none of the events giving rise to this action occurred in or around Dallas, Texas." Dkt-12 at 1. And its statement that "[t]he only connection this case has to the Northern District of Texas is that Plaintiff is located there" is patently false. Dkt-12 at 6. Rather, *the entire relationship between the parties herein was centered in Dallas, Texas.* That is where the POs were issued, where the POTCs were issued, where the attic fan motors were ordered, where the motors were shipped by Defendants, where the motors were installed and where the motors were shipped by AVI to the purchaser. Appendix 024 at ¶¶3-5; Appendix 025 at ¶6; Appendix 026 at ¶¶8-9; Appendix 027 at ¶10. Texas law may govern the POs according to their unambiguous terms. Appendix 026 at ¶8. And AVI's damages were sustained in Dallas. Appendix 027 at ¶10. Under similar facts, courts have found venue to be proper in the district where contracts were formed, goods were shipped or contracts were to be performed. *See, e.g., Peppers Unlimited, Inc. v. Trujillo*, No. 4:18-cv-01001, 2019 WL 4689010 at *5 (N.D. Tex. Sept. 26, 2019) (venue proper in Texas where Texas resident entered into contract with California resident pursuant to which Plaintiff shipped goods to Texas); *Snelling Emp't, LLC v. Doc Johnson Enters.*, No. 3:18-cv-0521. 2018 WL 3659067, at *3 (N.D. Tex. Aug. 2, 2018) (venue proper in Dallas where contract was negotiated and performed in Dallas); *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396–97 (S.D. Tex. 2011) (finding that a substantial part of the plaintiff's breach of contract claim occurred in Houston where plaintiff claimed defendant was required to but failed to send payment); *Wolf Network, LLC v. AML Diagnostics, Inc.*, 2016

WL 1357742 at *2 (N.D. Tex. April 5, 2016) ("in a breach of contract case, the factors relevant to a venue analysis include the location(s) of negotiation, performance, and breach of the agreement.").

Besides falsely claiming that none of the events underlying this case occurred in Texas, KOF also alleges that a substantial amount of the events underlying the Southington Suit occurred in Ohio.  Dkt-12 at 6.  ***But that case is not this case***.  The Southington Suit was brought by the insurance company for an Ohio school district seeking monetary relief for the damage done to a school in Ohio as a result of a fire allegedly caused by an AVI Attic Fan that had been installed in the school.  Appendix 016-022.  This suit is a suit for indemnity and breach of contract brought by a Texas resident and relating to the sale of fan motors that were shipped directly to Dallas, Texas pursuant to POs issued from Dallas, Texas.  Moreover, even if the Court ignores the factual and legal differences between the two cases, the fact that a substantial number of events may have also occurred in Ohio is not dispositive:

> the fact that venue would also be proper in the Southern District of Texas is irrelevant. According to the Fifth Circuit, "the chosen venue does not have to be the place where the most relevant events took place," but only where a "substantial" part of the events or omissions giving rise to the claims occurred.   Courts have recognized that "venue may be properly laid in more than one district," and the "substantial part of the events or omissions test does not require that the chosen venue be the *best* venue ... the selected district must simply have a substantial connection to the claim."

*Zurich American Ins. Co.*, 982 F. Supp. 2d at 722 (citations omitted); *see also Examination Management Services, Inc.*, 2005 WL 280323 at *6 ("This does not mean that venue must be fixed in a district in which a *majority* of events giving rise to the claim occurred, but rather that it may be established in any judicial district in which a *substantial amount* of events occurred."); *CIT Group/Commercial Serv., Inc. v. Romansa Apparel, Inc.,* No. 3:02-cv-1954, 2003 WL 169208 at *3 (N.D. Tex. Jan.21, 2003) ("[T]here may be more than one district in which a substantial part of

7

the events giving rise to the claim occurred, and . . . venue would be proper in each such district.").

In other words, "[v]enue is proper in a district where a substantial part of the events giving rise to

the claim took place, even if there are other venues where more, or even the most, substantial

activities took place." *Victory Renewables, LLC v. Energy Trading Co., LLC*, No. 3:18-cv-00456,

2019 WL 2539209 at *4 (N.D. Tex. Feb. 8, 2019).  Thus, the fact that a substantial number of

events may have also occurred in Ohio does not alter the fact that venue is proper in this District

as well.  For the reasons set forth above, KOF's motion to dismiss should be denied.

**II.     Defendant's Motion to Transfer Venue under 28 U.S.C. §1404(a) should be denied.**

    **A.     The Court should deny KOF's motion to transfer this case to Ohio because KOF has failed to show that the Ohio court has jurisdiction over all Defendants.**

    "A court may not transfer a case unless the plaintiff could have sued *all* of the defendants

in the transferee court." *Illinois Union Ins. Co. v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D.

Tex. 2002) (emphasis original).  For this reason, the movants on a motion to transfer venue "bear

the burden of establishing personal jurisdiction and venue as to all defendants in the transferee

forum." *Adaptix, Inc. v. HTC Corp.,* 937 F. Supp. 2d 867, 871 (E.D. Tex. 2013); *Allcapcorp, Ltd.

Co. v. CHC Consulting*, No. 3:17-cv-0757, 2019 WL 417995 at *4 (N.D. Tex. Jan. 10, 2019) ("It

is well-determined that a transferee court must have jurisdiction over each defendant in the

transferred complaint.  The movants have the *prima facie* burden to prove that both personal

jurisdiction and venue are appropriate for all defendants in the transferee court").   In its Motion,

KOF failed to demonstrate that the Northern District of Ohio would have jurisdiction over the two

Chinese corporate defendants herein.  The Court should deny KOF's motion to transfer this case

to Ohio because KOF has failed to show that the Ohio court could exercise jurisdiction over all

Defendants.

**B.    Even if the Court ignores the jurisdictional problem, KOF bears a significant burden in overcoming AVI's choice of its home forum.**

"The moving litigant seeking transfer bears the burden of demonstrating that a transfer of venue is warranted." *LeDoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 837 (E.D. Tex. 2002).  The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Bennett v. Moran Towing Corp.*, 181 F. Supp. 3d 393, 398 (S.D. Tex. 2016); *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 635 (W.D. Tex. 2016) ("There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private- and public-interest factors clearly point towards dismissal and trial in the alternative forum."); *Tempur-Pedic Intern. v. Go Satellite Inc.*, 758 F. Supp. 2d 366, 379 (N.D. Tex. 2010) ("The presumption in favor of the plaintiff's chosen forum "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").  KOF claims that a plaintiff's choice of forum is not a factor to be considered in a venue transfer motion under Section 1404(a).  Dkt-12 at 7.  This is simply wrong.   "That § 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals, however, does not imply 'that the relevant factors [from the *forum non conveniens* context] have changed or that the plaintiff's choice of [venue] is not to be considered.'"  *In re Volkswagen of America*, 545 F.3d 304, 312 (5th Cir. 2008).  Rather, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

While a Plaintiff's choice of forum is always entitled to deference, it is entitled to even greater deference when they have chosen their home forum.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981) (""a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen [his] home forum ... [because] [w]hen the home

forum has been chosen, it is reasonable to assume that this choice is convenient."); *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340 at \*10 (W.D. Tex. April 5, 2017) ("Greater deference is given to the plaintiff's choice of forum when the forum is the plaintiff's home district."). Here, as stated above, AVI has its principal place of business in Dallas, Texas and its choice of forum is therefore entitled to substantial deference.

> ### C.   Even if the Court ignores the jurisdictional problem, the private interest factors favor maintaining  venue in Texas rather than dismissing this case in favor of an Ohio forum.

A court determining a motion to transfer venue must evaluate certain private and public interest factors.   The private interest factors the Court is to consider are:

- the relative ease of access to sources of proof;

- the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and

- all other practical problems that make trial of a case easy, expeditious and inexpensive.

*In re Volkswagen of America*, 545 F.3d at 312.  As set forth below, the private interest factors favor maintaining jurisdiction in Texas rather than transferring this case to Ohio.  KOF's motion to transfer venue should therefore be denied.

> ### 1.   The relative ease of access to sources of proof favors maintaining venue in Texas.

The first private interest factor is the relative ease of access to sources of proof.  KOF asserts that "the substantial majority, if not all, of the documentary and physical evidence is located in the Ohio."  Dkt-12 at 9.  ***But it fails to identify any documents relevant to the current dispute that are located in Ohio.***  *Qu-Soft LLC v. Dominion Siding, LLC*, 2020 WL 8678735 at \*6 (W.D. Tex. Oct. 22, 2020) ("Here, Dominion offers only that '[i]t is ... in the interest of justice and for the convenience of parties and witnesses for the action to be transferred . . . .  because

relevant documents and witnesses are more conveniently located in Tennessee.' Even if this were true, Dominion does not identify the relevant 'documents and witnesses.'"); *Nations AG II, LLC v. The Hide Co. LLC*, No. Civ. A. 3:04-cv-0511, 2004 WL 1496312 at *5 (N.D. Tex. June 30, 2004) ("Here, Hide Group, Jordan and Barefoot have not adequately established that the above factors support a transfer pursuant to section 1404(a). Although they have provided testimony that documents and witnesses that they contend are relevant to the case are located in various places throughout the United States, they do not explain *how* these witnesses and documents are relevant to any issue in the case."). This failure alone make this factor neutral at best.

In truth, documents relating to the relationship among the parties herein – including POs, POTCs, communications and product information – are located at AVI's place of business in Dallas, Appendix 027 at ¶11. And although the AVI Attic Fan was installed at the school in Ohio, it was recovered and removed after the fire and is currently located in the Dallas area. Appendix 027 at ¶11. As for documents relating to AVI's damages, the damages here are contractual and will be established through AVI's documents showing the amount it spent to defend and settle the Southington Suit, documents located at AVI's place of business in Dallas. *Id.* Similarly, all pleadings, depositions and expert reports form the underlying Southington Suit are in the possession of AVI's attorneys in Dallas, Texas. *Id.*

Finally, even if there were significant documents relating to this indemnity suit located in Ohio, "[d]ocumentary evidence is routinely transmitted electronically" and "[t]here is no suggestion that the documents needed for any hearing or trial are so voluminous in this case that they cannot be easily transferred, nor that they could not be stored electronically and transferred in that manner." *Monster Cable Products Inc. v. Trippe Mfg. Co.*, No. 9:07-cv-286, 2008 WL 2492060 at *3 (E.D. Tex. June 18, 2008); *see also Symbol Technologies, Inc. v. Metrologic*

*Instruments, Inc.*, 450 F. Supp. 2d 676, 678 (E.D. Tex. 2006) ("Metrologic argues that none of the voluminous technical and sales documents that will be exchanged between the parties are located in Texas; they are located in either New York or New Jersey. These documents will need to be exchanged regardless of where the case is tried. And regardless of where the case is tried, the documents will most likely be exchanged electronically. Metrologic has not explained how transferring this case to the Southern District of New York would make document production less burdensome on either party."); *Healthpoint, Ltd. v. Dermas Sciences, Inc.*, 939 F. Supp. 2d 680, 688 (W.D. Tex. 2013) ("Finally, Derma Sciences has not explained how transferring this case to the District of New Jersey would reduce the burden for either party in terms of producing the necessary documents, which are likely to be exchanged electronically.").  For all of these reasons, this factor does not support transferring this case to the Northern District of Ohio.

> 2.     **The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses favor maintaining venue in Texas.**

The second private interest factor is the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses.  Here, KOF claims that "the great majority, if not all of the witnesses regarding the fan, the fire, and the damages are in Ohio."  Dkt-12 at 9.  There are several problems with this assertion.  First, the instant suit is an indemnity and breach of contract suit based on a contract between a Texas resident, a Florida resident and two Chinese companies; it is not a suit for damages to the school in Ohio.  Second, KOF fails to explain how the testimony of persons with knowledge of the fan, the fire and the damage to the school is relevant in this contractual indemnity case.  Third, and most importantly, ***KOF has completely failed to identify by name a single witness located in Ohio or the substance of their proposed testimony***.  As a result, this factor cannot favor transfer:

> Toyota's Motion to Transfer Venue does not provide the name or address of a single potential witness in this case. It is well established that "[t]he party seeking transfer must specify ... clearly the key witnesses to be called and their location and must make a general statement of what their testimony will cover." . . . Defendant has failed to satisfy its burden by not providing the name, address, or proposed testimony of a single witness, and thus this important factor does not weigh in its favor.

*Magana v. Toyota Motor Corp.*, No. 3:10-cv-1451, 2010 WL 5108850 at *2 (N.D. Tex. Dec. 6, 2010); *see also Wash Solutions, L.L.C. v. Auto Spa of Oklahoma, L.L.C.*, No. 3-06-CV-0437-BD, 2006 WL 1348748 at * 1 (N.D. Tex. May 16, 2006) (party seeking to transfer venue due to location of witnesses, documents, and sources of proof "must specifically identify key witnesses and outline the substance of their testimony"); *Citicapital Commercial Corp. v. First Nat. Bank of Fort Smith*, No. CIV A3:04-cv-0302, 2005 WL 856886 at *6 (N.D. Tex. April 11, 2005) ("At a minimum, FNB must identify the key witnesses and provide a brief summary of their testimony so the Court can determine their importance to the case and the weight to give any inconvenience that the current forum causes them."); *Moto Photo, Inc. v. KJ Broadhurst Enterprises, Inc.*, No. 301cv2282, 2003 WL 298799 at *4 (N.D. Tex. Feb. 10, 2003) ("The convenience of witnesses is often regarded as the most important factor to be considered in deciding a motion to transfer venue. A party seeking a transfer on that basis 'must specifically identify the key witnesses and outline the substance of their testimony.'"); *Monster Cable Products Inc.*, 2008 WL 2492060 at *2 ("Trippe may not rest upon bald conclusions of 'inconvenience.' Rather, to allow the court to make a reasoned decision, it should specifically identify key witnesses who will be disadvantaged and outline the substance of their testimony.").

Even if KOF had identified potential witnesses in Ohio, it has offered no evidence that the witnesses are either unwilling or unable to travel to the Northern District of Texas for trial. As a result, this factor is, at most, neutral:

> The second private interest factor examines the availability of compulsory process over witnesses. Defendants argue that they will need testimony from persons located in the Central District of California and whose appearance at trial defendants cannot guaranty. The court finds this factor to be neutral because, although these witnesses would not be subject to compulsory process, defendants do not identify specific witnesses for whom compulsory process is *necessary* but unavailable.

*Allchem Performance Products, Inc. v. Oreq Corp.,* No. 3:11-cv-3577, 2013 WL 180460 at *4 (N.D. Tex. Jan. 17, 2013); *see also Healthpoint, Ltd.*, 939 F. Supp. 2d at 688 ("More importantly, while Derma Sciences has mentioned certain witnesses that live in and around New Jersey, it has not argued that compulsory process would be necessary to secure their presence at trial. In the absence of such claims, this factor is neutral."); *see also Ternium International U.S.A. Corp. v. Consolidated Systems, Inc.,* Civ. No. 3:08–CV–0816–G, 2009 WL 464953 at *3 (N.D. Tex. Feb. 24, 2009) (compulsory process factor was neutral where movant did not identify any witnesses unwilling to testify in Texas)

Finally, KOF fails to explain why the testimony of any unidentified Ohio witnesses who could not compelled to appear at trial and would not agree to appear at trial could not be presented by deposition. *Healthpoint, Ltd.*, 939 F. Supp. 2d at 688 (this factor did not support transfer because, "to the extent that these witnesses may provide relevant evidence, Derma Sciences has not suggested that such evidence could not be obtained through videotaped depositions."); *Monster Cable Products Inc.* 2008 WL 2492060 at *2 ("with modern video deposition technology, the need for many witnesses to travel at all is reduced or eliminated."); *Farm & Ranch Services, Ltd. v. LT Farm & Ranch, LLC*, No. 5:08-cv-095, 2008 WL 11349973 at *10 (N.D. Tex. Nov. 20, 2008) ("Plaintiff contends that certain fact witnesses, such as Mr. Brown, who executed the contracts on behalf of the First National Bank of O'Donnell, along with three other witnesses, have knowledge about contract negotiations and content. The Court finds that video deposition testimony would

14

likely cure any inconvenience to Plaintiff in this regard."). This factor fails to favor transfer because, even if Ohio witnesses cannot attend the trial in person, KOF may present their testimony by way of deposition.[1]

> **3.     All other practical problems that make trial of a case easy, expeditious and inexpensive favor maintaining venue in Texas rather than transferring the case to Ohio.**

The final private interest factor is all other practical problems that make trial of a case easy, expeditious and inexpensive. This factor favors venue in Texas rather than Ohio. As stated above, AVI's principal place of business is in Dallas. It would be easy, expeditious and inexpensive for AVI, a Texas resident, to attend trial in Texas. Not so for Ohio. The same is true of employees of KOF since Texas is closer to its Florida place of business than is Ohio. And there are many more flights from China to DFW Airport than to any airport in the Northern District of Ohio. Lastly, none of the parties are located in Ohio.

> **4.     Conclusion.**

As set forth above, the private interest factors do not support transferring this case to Ohio. The relative ease of access to sources of proof does not favor transfer because KOF's Motion fails to identify any documents relevant to the current dispute, because documents relating to the relationship among the parties herein – including POs, POTCs, communications and product information – are located at AVI's place of business in Dallas and because documents can be easily stored and transferred electronically. The availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses similarly fails to support transfer because KOF has failed to identify by name a single witness located in Ohio or

---

[1] As stated above, AVI's counsel has copies of all depositions taken in the Southington Suit in his Dallas, Texas office. Appendix 027 at ¶11.

the substance of their proposed testimony, has failed to explain why testimony from the underlying

case is needed in this contractual indemnity case, has failed to identify any witnesses unwilling to

testify in Texas and has failed to explain why the testimony of any unidentified Ohio witnesses

who could not compelled to appear at trial and would not agree to appear at trial could not be

presented by deposition.  Finally, a consideration of all other practical problems that make trial of

a case easy, expeditious and inexpensive does not support transfer because none of the parries are

located in Ohio while AVI is located in Texas.  Because the private interest factors do not weigh

in favor of transfer, KOF's Motion should be denied.

> **D.**     **Even if the Court ignores the jurisdictional problem, the public interest factors favor maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum.**

In determining whether to transfer venue to the Northern District of Ohio, the public

interest factors the Court is to consider are:

- the administrative difficulties flowing from court congestion;

- the local interest in having localized controversies resolved at home;

- the interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; and

- the avoidance of unnecessary problems in conflicts of law, or in application of foreign law.

*Weber v. PACTXPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016).

> **1.**     **The administrative difficulties flowing from court congestion favors maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum.**

The first public interest factor is the administrative difficulties flowing from court

congestion.  Here, KOF asserts that court congestion favors transfer.  Dkt-12 at 10-11.  That is

simply not true.  Other than an aberration in 2020 caused by COVID-related court closures, the

Northern District of Texas has consistently had a shorter average time from filing to disposition (6.8 months vs. 15.3 months) and from filing to trial (22.6 months vs. 24.7 months) than the Northern District of Ohio.  Appendix 057-058; Dkt-12-1- at 7-8.  This factor does not favor transfer.

> ### 2.    The local interest in having localized controversies resolved at home favors maintaining venue in Texas rather than dismissing this case in favor of an Ohio forum.

The second public interest factor is the local interest in having localized controversies resolved at home.  KOF claims that this factor favors transferring the case to Ohio because "other than Air vent and its counsel being located in Texas, there are no other connections between this case and Texas."  Dkt-12 at 11.  This is patently false.  As the allegations set forth in AVI's Complaint and the Declaration of Brad Holland demonstrate, a substantial amount of the events relating to the claims herein occurred in this District:

- Plaintiff AVI has its principal place of business located at 4117 Pinnacle Point Drive, Suite 400, Dallas, Texas 75211.

- The Fan Motor that was alleged to have caused the fire that was the basis of the Southington Suit was manufactured by Powermax/KOF and was sold to AVI by Powermax/KOF and/or DMA and then shipped directly from Powermax to AVI in Dallas, Texas for incorporation into the AVI Attic Fan.

- All fan motors purchased by AVI from Powermax/KOF through DMA, including the subject Fan Motor, were purchased through the issuance of formal Purchase Orders ("POs") issued by AVI from its office in Dallas, Texas.  The POs contained Purchase Order Terms and Conditions ("POTC") that were included with and made a part of each Purchase Order.

- Each shipment of motors AVI received from DMA at AVI's Dallas headquarters was accompanied by DMA's "confirmations" which referenced the separately numbered PO's with the POTC attached;

- The POTC for the Subject Fan Motor included a provision  stating that the PO for the motor was to be governed by either Texas or New York law;

- The Fan Motor was received by AVI In Dallas, Texas;

- The Fan Motor was incorporated into AVI's powered attic fan in Dallas, Texas;

- The completed AVI Attic Fan was shipped from Dallas, Texas to the purchaser;

- AVI alleges that Defendant breached a contract executed by AVI in Dallas, Texas by failing to reimburse AVI for the costs of defending and settling the Southington Suit; and

- The lawsuit seeks as damages the amounts AVI, a Dallas resident, paid to defend and settle the Ohio lawsuit.

Appendix 001 at ¶1; Appendix 003 at ¶13; Appendix 004 at ¶17; Appendix 007 at ¶26; Appendix 024 at ¶¶3-5; Appendix 025 at ¶6; Appendix 026 at ¶¶8-9; Appendix 027 at ¶10.  Again, KOF has failed to controvert any of these facts.

KOF also argues that events relevant to the Southington Suit occurred in Ohio.  Dkt-12 at 11.  ***But that lawsuit has been resolved***.  This lawsuit is a lawsuit for indemnity filed by a Texas resident involving a product shipped to Texas by Defendants, installed in AVI's attic fan in Texas and shipped from Texas to its purchaser.  Defendants are residents of Florida and China.  No party is domiciled on Ohio.  In cases like this involving indemnity, defense or contribution for an underlying lawsuit, courts distinguish between events related to the underlying lawsuit and events relating to the lawsuit at issue when determining whether to transfer venue.  As one court explained in denying a motion to transfer venue in an indemnity lawsuit filed in Texas following the settlement of a wrongful death lawsuit in Utah:

> Utah residents have little to no relation to the present litigation. The underlying suit largely concerned Utah, but the question now is merely whether the Pennsylvania corporation who paid the settlement must bear the loss, or may it shift the loss to EOG, a corporation domiciled in Houston, Texas. . . .

> Texas residents, on the other hand, have an interest in contractual disputes arising from activities conducted by corporations domiciled in Texas. It is not unreasonable to expect a Texas jury to make determinations as to a contract governed by Texas law or regarding defenses and counterclaims asserting Texas law.

18

*United National Ins. Co. v. EOG Resources*, No. H-07-556, 2007 WL 3001668 at *7 (S.D. Tex. Oct. 11, 2007); *see also Great West Casualty Co. v. Ross Wilson Trucking*, No. 3:16-cv-03253, 2017 WL 707484 (C.D. Ill. Feb. 22, 2017) (where underlying personal injury lawsuit was filed in Southern District of Illinois based on accident occurring there but insurance policy was negotiated, issued and delivered in the Central District of Illinois, venue for a "duty to defend" lawsuit was proper in the Central District and the court refused to transfer the case to the Southern District); *American Steamship Owners Mutual Protection and Indemnity Assoc. v. LaFarge North America, Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007) ("Defendant claims that Louisiana is the center of gravity, since this case originates in the extensive Hurricane Katrina litigation that is ongoing in Louisiana. However, in determining the locus of operative facts for an insurance coverage issue, the locus in question is the site of "the execution of the contract, not the location of the incident which triggered the insurance claim.").

A case with similar facts to the instant case is *Brunswick Corp. v. Fitness 19 OH 237, LLC*, No. 190 C 1503, 2019 WL 2326000 (N.D. Ill. May 31, 2019).  In that case, Brunswick, whose principal place business was in Illinois,  manufactured fitness equipment that it sold to Fitness 19. The purchase agreement contained an indemnity provision pursuant to which Fitness 19 was to indemnify Brunswick for claims arising out of the use of the fitness equipment at Fitness 19's Ohio gym.  After a gym member was injured while using the Brunswick equipment, he sued Brunswick and Fitness 19 in Ohio.  Fitness 19 assumed the defense of the negligence claim against Brunswick pursuant to their indemnity agreement, but refused to defend the strict product liability claim against Brunswick.  Brunswick thereafter sued Fitness 19 in federal court in Illinois and Fitness 19 moved to transfer the case to the Northern District of Ohio.  Focusing on the indemnity contract at issue, the court held that venue was proper in Illinois and denied the motion to transfer even

19

though "the fitness equipment at issue in the underlying lawsuit was delivered, serviced, maintained, used, and repaired there, that the underlying lawsuit is pending there, and that the plaintiff in the underlying lawsuit alleges he was injured at a fitness club there." *Id.* at *3; *see also Transcontinental Ins. Co. v. Coreslab Structures Inc.*, No. 3:01-cv-2589, 2002 WL 570880 at *2 (N.D. Tex. April 12, 2002) (venue was transferred to Oklahoma in a "duty to defend" dispute despite the fact that the underlying wrongful death lawsuit had been filed in Texas because "[t]he locus of the underlying claim is not dispositive on the transfer issue" and because "Oklahoma has more interest than Texas in an insurance dispute between an Oklahoma insured and an Illinois insurer"); *The Home Indemnity Co. v. Stimson Lumber Co.*, 229 F. Supp. 2d 1075 (D. Ore. 2001) (Venue for insurance coverage dispute was properly laid in Oregon even though the underlying lawsuit was filed in California and involved damage to California homes); *Constitution Reinsurance Co. v. Stonewall Ins. Co.*, 872 F. Supp. 1247 (S.D.N.Y. 1995) (New York court denied motion to transfer action between New York insurance company and Alabama insurance company to Texas even though coverage issues related to a wrongful death suit filed in Texas and a prior indemnity lawsuit in Texas between the Alabama insurance company and the wrongful death claim defendant).  Because this suit is a suit by a Texas resident involving indemnity obligations under a Texas contract for the sale of products delivered in Texas, this factor supports maintaining venue in the Northern District of Texas.

> **3.     The interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action and the avoidance of unnecessary problems in conflicts of law, or in application of foreign law, favors maintaining venue in Texas rather than transferring it to Ohio.**

The third and fourth public interest factors relate to the potential application of foreign law rather than forum law.  KOF seems to assume that Ohio law will apply, but sets forth no analysis

supporting this assumption.  Moreover, its assumption flies in the face of the fact that AVI's
Complaint sets forth Texas causes of action being brought in Texas by a Texas resident for claims
arising from the sale of products shipped to Texas.  It also ignores the fact that the POs pursuant
to which the goods were shipped were issued by AVI from its Dallas, Texas headquarters.
Similarly, KOF's argument ignores the fact that the products at issue, along with their
accompanying order confirmations that referenced the POs, were shipped to AVI's Dallas, Texas
office.

KOF's Motion states that "[u]nless otherwise stated in a contract between the parties, the
expectation of the parties is that the law of Ohio, where the fire occurred, will govern the case."
Dkt-12 at 12.  There are numerous problems with this claim.  First and foremost, ***it is "otherwise
stated in a contract" that some other law will apply***.  The POTCs that governed the POs under
which Defendants sold the Fan Motor to AVI contained a provision  stating that the POs were
governed by either Texas or New York law.  None of the POTCs governing the transaction at issue
even mention Ohio law.  Appendix 026 at ¶8; Appendix 055-056.  Second, the application of Texas
law is supported by the "most significant relationship" test utilized by Texas courts to determine
choice of law issues.  *Gutierrez v. Collins,* 583 S.W.2d 312, 319 (Tex. 1979) (overruling *Lex loci
delicti* doctrine and adopting most significant relationship test).   Under that test, the Court
considers the following contacts: (1) the place where the injury occurred; (2) the place where the
conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation
and place of business of the parties; and (4) the place where the relationship, if any, between the
parties is centered.  *Herrera v. Michelin North America, Inc.*, No. B-07-114, 2009 WL 700645 at
*7 (S.D. Tex. March 16, 2009).  The choice of law decision turns not on a quantitative tallying of

these contacts, but on a qualitative analysis of the relevant contacts. *Id.* Here, each of these factors

points to Texas law because:

- AVI's injury occurred in Dallas, the location from where it spent money defending and settling the Southington Suit;

- The conduct causing the injury – the sale of Defendants' defective attic fan motors to AVI – occurred in Dallas;

- AVI has its principal place of business in Texas and no party is domiciled in Ohio;

- The relationship between the parties was centered in Dallas, the location from which the POs were issued, the location from which AVI paid for the Fan Motor, the location to which the Fan Motor was shipped, the location where the Fan Motor was incorporated into the AVI Attic Fan and the location from which the completed AVI Attic Fan was shipped to the ultimate customer.

As such, Texas law will apply to this dispute, not Ohio law. Because Texas law will apply to this

lawsuit, this factor weighs against transfer of the case to Ohio. *See, CMC Steel Fabricators, Inc.*

*v. Franklin Investment Corp.*, No. 3:15-cv-2854, 2016 WL 3418974 at *5 (N.D. Tex. June 22,

2016) ("this Court has familiarity with adjudicating claims under Texas law, which modestly

weighs against transfer.").

### 4.    Conclusion.

As set forth above, the public interest factors do not support transferring this case to Ohio.

Given the relative times from filing to disposition or trial, the administrative difficulties flowing

from court congestion do not support transfer. Nor does the local interest in having localized

controversies resolved at home support transfer given the fact that the parties' relationship here

was centered in Texas. Finally, the interest in having the trial of a diversity case in a forum that is

familiar with the law that must govern the action and the avoidance of unnecessary problems in

conflicts of law do not favor transfer because Texas law will apply to the claims herein. Because

the private interest factors do not support transfer, the Court should deny Defendants' motion to transfer this case to the Northern District of Ohio.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny Defendant's Motion and grant Plaintiff such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Eric D. Pearson*
Eric D. Pearson
State Bar No. 15690472
eric@hop-law.com
**HEYGOOD, ORR & PEARSON**
6363 N. State Highway 161
Suite 450
Irving, Texas 75038
(214) 237-9001 Telephone
(214) 237-9002 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on the 14th day of May, 2021, a true and correct copy was sent to all counsel of record.

*/s/Eric D. Pearson*
Eric D. Pearson

23