IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AIR VENT, INC., | Civil Action No.: 3:21-CV-00229-X |
| Plaintiff, | **DEFENDANT KING OF FANS, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTON TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |
| v. | |
| POWERMAX ELECTRIC CO., LTD., GUANGDONG, DM (ASIA) LIMITED, and KING OF FANS, INC., | |
| Defendants. | |

## Introduction

Plaintiff Air Vent, Inc.'s response brief demonstrates that venue is not proper in the United States District Court for the Northern District of Texas because none of the events giving rise to the underlying action occurred in or around Dallas, Texas, making it an improper venue pursuant to 28 U.S.C. § 1391(b). The fire at issue occurred in Ohio. King of Fans needs to investigate the incident, the fan installation, and any work performed to the fan or the area where it was installed, all of which occurred in Ohio. Moreover, if any new parties are added to the case because of their work on the fan or in the area where it was installed, those parties will be located in Ohio. Plaintiff's assertions that venue is proper in Texas because a substantial part of the events or omissions giving rise to the claims occurred in Texas is simply wrong. The work, the fire, and the damages occurred in Ohio. In addition, Plaintiff is unable to set forth any conduct by King of Fans in Texas related to this case.

In determining venue, the Court looks to the defendant's conduct, and where that took place. Here, Plaintiff sets forth only its own activities allegedly taking place in the Northern District of Texas. The fact that Plaintiff cut checks in Texas for its attorneys and the settlement of

the Ohio lawsuit does not mean the damages were incurred in Texas, or that anything related to the case occurred in Texas. Actions taken by a plaintiff do not support venue. For those reasons alone, venue is improper and Plaintiff's complaint should be dismissed.

Further, Plaintiff makes a disingenuous attempt to oppose King of Fans' alternative motion to transfer venue to the United States District Court for the Northern District of Ohio. Plaintiff does not dispute that this case might have been brought in Ohio. Indeed, it was. Plaintiff instead argues the convenience of the parties and witnesses weigh in favor of keeping the case in the Northern District of Texas. However, Plaintiff's characterizations and conclusions regarding these factors are seriously flawed, and the case should be transferred to the Northern District of Ohio under 28 U.S.C. § 1404(a). The face of Plaintiff's complaint demonstrates that this lawsuit has very minimal, if any, ties to Texas while Ohio has an overwhelming relationship to this case. As stated above, King of Fans may want to add parties to the suit, like a contractor who installed the fan or who performed work on the fan or in the area of it. Those third-parties are in Ohio. Also, had Plaintiff added King of Fans and DM (Asia) to the Ohio case, the case would have stayed in Ohio. There is no reason the case should be in Texas. The location of Air Vent and its attorneys do not keep the case in Texas. The case should be transferred to the Northern District of Ohio.

## **Supplemental Factual Background**

Plaintiff's factual background section does not tell a complete story. At times, the story is even incorrect. The actual facts are much simpler and were set forth in King of Fans' opening brief. Several incorrect allegations from Plaintiff's response brief warrant attention.

Plaintiff incorrectly asserts that "the Fan Motor was manufactured by Powermax/KOF and was sold to AVI by Powermax/KOF and/or DMA and then shipped directly from Powermax to AVI in Dallas, Texas for incorporation into the AVI Attic Fan." (Pl.'s Br. at 10 [ECF No. 13].).

Here, King of Fans has no connection to the attic ventilation fan at issue and no connection to Air Vent. (Declaration of David E. Bridges, Esq. [ECF No. 12-1]; Third-Party Def.'s Resps. to Third-Party Pl.'s First Set of Interrogs. [ECF No. 12-2].) King of Fans does not manufacture, design, sell, distribute, or do anything related to attic ventilation fans and it does not do business with Air Vent. *Id*. As a result, King of Fans has no expectation of being sued in Texas related to a case involving an Air Vent attic ventilation fan. *Id*. Air Vent removed the Ohio state court case to the United States District Court for the Northern District of Ohio and then filed third-party claims against Third-Party Defendants Powermax Electric Co., Ltd., Guangdong, Glaus, Pyle, Schomer, Burns, Dehaven, Inc., d/b/a GPD Group, Foti Contracting, LLC, Scaparotti Construction Group, LLC, VEC, Inc., and USA Roofing, Inc. Except for Powermax, the others are either Ohio residents or regularly conduct business in Ohio. *See, e.g.*, *The Travelers Indem. Co. v. Air Vent, Inc. v. Powermax, et al.*, N.D. Ohio, Case No. 4:18-cv-00666 (Def.'s Third-Party Compl. at pp. 1-2 [ECF No. 46-1].) Plaintiff never filed third-party claims against King of Fans or DM (Asia) in the Ohio case prior to its dismissal with prejudice on March 5, 2020. Air Vent's third-party complaint illustrates the fact that there are a number of other potential parties in Ohio that may need to be added to this case. *Id*.

Next, Plaintiff incorrectly states "[a]ll fan motors purchased by AVI from Powermax/KOF through DMA, including the subject Fan Motor, were purchased through the issuance of formal Purchase Orders ("POs") issued by AVI from its office in Dallas, Texas." (Pl.'s Br. at 10 [ECF No. 13].). King of Fans is not identified anywhere in the complaint, Air Vent's answer to the complaint, Air Vent's third-amended third-party complaint, or any other materials in the Ohio action. (Pl.'s Compl. at pp. 18-24 [ECF No. 14]; Def.'s Third-Party Compl. at pp. 1-2 [Ex. B].) Likewise, King of Fans is not identified or otherwise referenced in Air Vent's declaration of Mr.

Holland, or any of the purchase orders or terms and conditions that Plaintiff points to in response to King of Fans' motion. (Declaration of Brad Holland at pp. 25-29 [ECF No. 12-1]; Pl.'s Document Prod. at pp. 30-58 [ECF No. 12-1].)

Also, Plaintiff incorrectly contends "the Subject Fan Motor manufactured, sold and distributed by Defendants caused a fire at a school in Ohio." (Pl.'s Br. at 10 [ECF No. 13].) Plaintiff did not believe King of Fans had any connection to the Ohio lawsuit. If Plaintiff did, it would have added King of Fans to the case with the other third-party defendants. (Def.'s Third-Party Compl. [ECF No. 46-1].) Had Plaintiff added King of Fans or DM (Asia) to the Ohio case, the case would have stayed in Ohio. *Id*.

Finally, Plaintiff incorrectly asserts "[a]s a part of the settlement, AVI obtained releases on behalf of the Defendants herein. (Pl.'s Br. at 11 [ECF No. 13].) As noted, there is no reference to King of Fans in any of the materials Plaintiff points to in the Ohio action. (Pl.'s Compl. at pp. 18-24 [ECF No. 14]; Def.'s Third-Party Compl. [ECF No. 46-1].) The filings all illuminate that Texas is an improper venue because everything occurred in Ohio.

## Analysis

### I. This action should be dismissed because venue in the Northern District of Texas (Dallas Division) is improper.

Plaintiff incorrectly asserts that venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Texas. (Pl.'s Br. at p. 12 [ECF No. 13].) This assertion is wrong. Plaintiff is simply unable to set forth any conduct by King of Fans in this District related to this case. In determining whether venue is proper, the Court looks to the defendant's conduct, and where that took place. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000); *see also, e.g.*, *Seariver Mar. Fin. Holdings, Inc. v. Pena*, 952 F. Supp. 455, 460 (S.D. Tex. 1996) (in determining where a substantial part of the events or

4

omissions took place, Courts are required to "focus on relevant activities of the defendant, not of the plaintiff"). Plaintiff instead sets forth only its own activities allegedly taking place in the Northern District of Texas. (Pl.'s Br. at pp. 12-13 [ECF No. 13].) Worse yet, Plaintiff points to its corporate representative, Brad Holland's, declaration and a stack of purchase orders issued by Plaintiff for the subject attic ventilation fan to support the position that King of Fans' alleged activities in this District are at issue in this case. (Declaration of Brad Holland at pp. 25-29 [ECF No. 12-1]; Pl.'s Document Prod. at pp. 30-58 [ECF No. 12-1].) Yet, the declaration and the purchase orders are totally devoid of any reference to King of Fans. *Id*. That is because King of Fans has no connection to the attic ventilation fan at issue and no connection to Air Vent. (Declaration of David E. Bridges, Esq. [ECF No. 12-1]; Third-Party Def.'s Resps. to Third-Party Pl.'s First Set of Interrogs. [ECF No. 12-2].) Indeed, King of Fans does not manufacture, design, sell, distribute, or do anything related to attic ventilation fans and it does not do business with Air Vent. *Id*. As a result, King of Fans has no expectation of being sued in Texas related to a case involving an Air Vent attic ventilation fan. *Id*. The fact that Plaintiff cut checks in Texas for its attorneys and the settlement of the Ohio lawsuit does not mean the damages were incurred in Texas. The damages were incurred in Ohio. Moreover, actions taken by a plaintiff do not support venue. *Bigham*, 123 F. Supp. 2d, at 108. For all of those reasons, venue is improper and Plaintiff's complaint should be dismissed.

**II.    Venue is neither proper nor convenient in the Northern District of Texas (Dallas Division) and the Court should therefore transfer this case to the Northern District of Ohio.**

As previously mentioned, pending before the Court is King of Fans' motion to dismiss for improper venue. This motion has been fully briefed and, if granted, renders moot King of Fans' alternative motion to transfer venue. For those reasons, King of Fans submits its motion to transfer

as an alternative if the Court denies the motion to dismiss.

Transfer of this case to the Northern District of Ohio under 28 U.S.C. § 1404(a) requires findings that: (1) the action might have been brought in the Court to which transfer is sought, and the (2) transfer is for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). Plaintiff does not dispute that this case might have been brought in Ohio. Indeed, it was. Plaintiff instead argues that King of Fans has failed to show the Northern District of Ohio has jurisdiction over all defendants, that King of Fans cannot overcome Plaintiff's choice of home forum, and the convenience of the parties and witnesses, and interest of justice factors weigh in favor of keeping the case in the Northern District of Texas. (Pl.'s Br. at pp. 15-30 [ECF No. 13].) Plaintiff's conclusions about these factors, however, are flawed, and the case should be transferred to the Northern District of Texas.

### A.     Ohio is more convenient for the parties.

Plaintiff goes to great length to discuss the fact that it resides in Texas and does business there. Plaintiff overlooks the fact that Plaintiff has no contract, agreement, or other connection to King of Fans for any of Plaintiff's business dealings, let alone the allegedly defective attic ventilation fan or motor for the fan that was installed at the real property in Ohio. (Declaration of David E. Bridges, Esq. [ECF No. 12-1]; Third-Party Def.'s Resps. to Third-Party Pl.'s First Set of Interrogs. [ECF No. 12-2].) All of the activities in Ohio form the entire basis of the underlying lawsuit. The face of Plaintiff's complaint demonstrates that this lawsuit has very minimal, if any, ties to Texas while Ohio has an overwhelming relationship to this case. Further, King of Fans may want to add parties to the suit, like a contractor who installed the fan or who performed work on the fan or in the area of it. Those third-parties are in Ohio. Also, all three (3) defendants, including King of Fans, Powermax, and DM (Asia), are located outside of Texas. Had Plaintiff added King

of Fans or DM (Asia) to the Ohio case, the case would have stayed in Ohio. Of all the parties, only Plaintiff resides in Texas or regularly does business in Texas. There is no reason the case should be in Texas. Plaintiff's activities are not a proper basis for determining venue, as noted above. *Bigham,* 123 F. Supp. 2d, at 108 (venue determination turns on the conduct of the defendants, not that of the plaintiff).

The information contained within Plaintiff's corporate representative's declaration and purchase orders are all red herrings and irrelevant because King of Fans has no connection to the attic ventilation fan at issue and no connection to Air Vent. (Declaration of David E. Bridges, Esq. [ECF No. 12-1]; Third-Party Def.'s Resps. to Third-Party Pl.'s First Set of Interrogs. [ECF No. 12-2].) King of Fans does not manufacture, design, sell, distribute, or do anything related to attic ventilation fans and it does not do business with Air Vent. *Id*. As a result, King of Fans has no expectation of being sued in Texas related to a case involving an Air Vent attic ventilation fan and it has no expectation of being sued in Texas related to an incident that occurred in Ohio. *Id*. The convenience of the parties demands transfer to the Northern District of Ohio. The location of Air Vent and its attorneys do not keep the case in Texas.

**B.     Ohio is more convenient for witnesses.**

The most significant factor in deciding a motion to transfer venue is the convenience of key witnesses. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex 1998); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). The activities that form the entire basis for this suit occurred in Ohio. That matter arises from a June 30, 2016 fire at commercial property in Southington, Ohio. (Pl.'s Compl. [ECF No. 1] & Ex. A [ECF No. 1-2].) The parties' dispute relates to an allegedly defective or otherwise faulty attic ventilation fan that allegedly caused the fire and in excess of $725,000.00 in property

damages. *Id*. The key witnesses will be those Ohio-based party and non-party witnesses providing testimony about the real property, pre- and post-fire circumstances, including the sale, installation, maintenance, service, and inspection of the attic vent fan, motor for the fan, and components for the fan and motor, the investigation of the fire's origin and cause, and the liability and damages claims. (Def.'s Br. at p. 11 [ECF No. 12].) These Ohio-resident witnesses will include the owners of the fire-damaged property, their first-party property insurers, the contractors who installed the fan or who performed work on the fan or in the area of it, and the public sector first responders who responded to the fire and the fire investigators that investigated it. Air Vent's third-party claims against the Ohio residents or entities conducting business in Ohio show it would be convenient to keep the case there and, further, King of Fans may need to add those parties to this case. (Def.'s Third-Party Compl. [ECF No. 46-1].) Those things demand transfer to Ohio.

### C.     Local interest in Ohio.

Plaintiff argues that Texas has an interest in the lawsuit because the case concerns a Texas resident, Air Vent, and the sale of Air Vent's products. Plaintiff wrongly assumes, and asks this Court to accept, that the claims involve a breach-of-contract dispute between Plaintiff and King of Fans. They do not. King of Fans was not a party to any contract with the Plaintiff. Then, Plaintiff makes another leap by telling this Court that the purchase orders and terms and conditions for the fans apply to King of Fans. Of course they do not. (Declaration of Brad Holland at pp. 25-29 [ECF No. 12-1]; Pl.'s Document Prod. at pp. 30-58 [ECF No. 12-1].) King of Fans was not involved with the sale, purchase, manufacture, or distribution of the fan and King of Fans is not referenced even once in the documents that Plaintiff contends keep this case in Texas. Plaintiff is facing its reality that the lawsuit arises from a June 30, 2016 fire in Ohio and it failed to add King of Fans to that lawsuit. Had Plaintiff done so, the case would have stayed in Ohio. Plaintiff is forum shopping.

All of the activities occurred in Ohio. Ohio has a greater interest in determining the claims that arose within its borders.

### D. Plaintiff's choice of forum.

Finally, Plaintiff argues that the lawsuit should remain in Texas because that is the Plaintiff's choice of forum. (Pl.'s Br. at p. 16 [ECF No. 13].) Plaintiff is correct in pointing out that courts have found a plaintiff's choice of forum is entitled to some weight when the plaintiff is a resident of the forum in which suit is filed. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256-57 (1981). The Fifth Circuit makes clear, however, that the "plaintiff's choice of forum is … neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003); *see also, e.g.*, *Eliserio v. Floydada Housing Authority*, 388 F. Supp. 2d 774, 776 (S.D. Tex. 2005). Moreover, "to be considered at all, the plaintiff's choice of forum must be one which is permitted under the relevant venue statute." *Horseshoe*, 337 F.3d at 434-35. As outlined above and within King of Fans' motion to dismiss for improper venue, Plaintiff's choice of forum is improper. Plaintiff's selection of an improper venue should not be considered as a factor in the determination to transfer.

### Conclusion

Defendant King of Fans, Inc. requests that Plaintiff Air Vent, Inc.'s complaint be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b). The fire at issue occurred in Ohio, all the key witnesses regarding the fan and the alleged damages are in Ohio, and any additional parties to the case will be located in Ohio. Plaintiff is simply unable to set forth any conduct by Defendant King of Fans, Inc. in this District related to this case. In determining venue, the Court looks to the defendant's conduct, and where that took place. Plaintiff instead sets forth only its own activities allegedly taking place in the Northern District of Texas.

The fact that Plaintiff cut checks in Texas for its attorneys and the settlement of the Ohio lawsuit does not mean the damages were incurred in Texas. The damages were incurred in Ohio. Actions the Plaintiff do not support venue. For those reasons alone, venue is improper and Plaintiff's complaint should be dismissed.

Alternatively, the balance of factors under 28 U.S.C. § 1404(a) and the applicable case law, weigh heavily in favor of transferring this case to the Northern District of Ohio because the face of Plaintiff's complaint demonstrates that this lawsuit has very minimal, if any, ties to Texas while Ohio has an overwhelming relationship to this case. King of Fans may want to add parties to the suit, like a contractor who installed the fan or who performed work on the fan or in the area of it. Those third-parties are in Ohio. Also, had Plaintiff added King of Fans, Powermax, and DM (Asia) to the Ohio case, the case would have stayed in Ohio. Moreover, the witnesses and evidence related to the fire and alleged damages are in Ohio. There is no reason the case should be in Texas. The location of Air Vent and its attorneys do not keep the case in Texas. The case should be transferred to the Northern District of Ohio where the incident occurred, the evidence is located, and there is an actual connection between the matter and the court and jury.

Respectfully submitted,

**MEAGHER + GEER, P.L.L.P.**

Dated:  May 28, 2021         By:      _s/David E. Bridges_
David E. Bridges, Esq. (MN No. 0397004)
(TX No. 24092170)
Chad J. Stepan, Esq. (MN No. 0279535)
(*Pro Hac Vice* Motion Forthcoming)
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
P: (612) 338-0661
F: (612) 338-8384
E: dbridges@meagher.com
E: cstepan@meagher.com
*Counsel for Defendant King of Fans, Inc.*

**Certificate of Service**

      This is to certify that on May 28, 2021, a true and correct copy of the foregoing has been served electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following counsel of record, pursuant to the Federal Rules of Civil Procedure:

**HEYGOOD, ORR, & PEARSON**
Eric D. Pearson, Esq. (TX No. 15690472)
6363 N. State Highway 161
Suite 450
Irving, TX 75038
P: (214) 237-9001
F: (214) 237-9002
E: eric@hop-law.com
*Counsel for Plaintiff Air Vent, Inc.*

Dated:  May 28, 2021      By:    *s/David E. Bridges*
                                                    David E. Bridges, Esq. (MN No. 0397004)
                                                    (TX No. 24092170)