UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AIR VENT INC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00229-X |
| | § | |
| POWERMAX ELECTRIC CO LTD GUANGDONG; DM (ASIA) LIMITED; and KING OF FANS INC, | § § § § | |
| | § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

On February 2, 2021, Plaintiff Air Vent Inc. sued Defendants Powermax Electric Co. (Powermax), DM (Asia) Limited (DMA), and King of Fans Inc. (King of Fans) in this Court, seeking indemnity and contribution for damages caused by Air Vent's defense and settlement of a 2018 Ohio lawsuit. [Doc. No. 1]. In response, Defendant King of Fans filed a Motion to Dismiss for Improper Venue or, in the Alternative, a Motion to Transfer Venue [Doc. No. 11]. Air Vent opposes the motion. For the reasons below, the motion is **DENIED**.

### I.   Factual Background

Plaintiff Air Vent is a Delaware corporation with its principal place of business in Dallas, Texas. Air Vent manufactures and sells attic ventilation products, including attic ventilation fans. Air Vent's attic ventilation fans include motors that are manufactured by third parties and sold to Air Vent as completely assembled, ready to install units.

In February 2018, Travelers Indemnity Company sued Air Vent in Ohio state court, alleging that one of Air Vent's fans caused a fire at an Ohio middle school. Air Vent settled the suit with Travelers and sued Defendants in this Court, seeking contribution and indemnity for the damages caused by defending and settling the Ohio lawsuit. Air Vent brings seven causes of action against Defendants, including statutory, contractual, and common law indemnity and breach of contract. Air Vent seeks to hold the three Defendants jointly and severally liable under multiple theories of liability including alter ego and joint enterprise theories, among others.

Air Vent's contractual and indemnity claims stem from the formal purchase orders it used to purchase fan motors from Powermax/King of Fans through DMA. Air Vent claims that these purchase orders contained terms and conditions that require Defendants to indemnify Air Vent for its litigation expenses.

## II.    Motion to Dismiss

Title 28, Section 1391 of the United States Code governs whether venue is "improper."[1] This section provides that venue is proper in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[2]

---

[1] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. W. Dist. Tex.*, 571 U.S. 49, 55 (2013).

[2] 28 U.S.C. § 1391(b).

If a case does not fall within one of these districts, venue is improper, and the case must be dismissed or transferred under 28 U.S.C. § 1406(a).[3]

Courts are split on which party has the burden of proof on a Rule 12(b)(3) motion to dismiss for improper venue.[4] But most district courts in the Fifth Circuit have found that once the defendant has objected to the plaintiff's chosen forum, the plaintiff has the burden of proving that venue is proper.[5] In determining whether the plaintiff has met this burden, the Court must accept all well-pleaded allegations in the complaint as true and must resolve all conflicts in the plaintiff's favor.[6] The Court may look at "evidence in the record beyond simply those facts alleged in the complaint and its proper attachments," including "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[7]

Here, King of Fans contends that venue is improper in the Northern District of Texas because none of the events giving rise to the action occurred in or around Dallas, Texas. Instead, King of Fans claims that Air Vent's lawsuit arises out of a

---

[3] *ECL Grp., LLC v. Mass*, No. 3:17-CV-2399-D, 2018 WL 949235, at *9 (N.D. Tex. Feb. 20, 2018) (Fitzwater, J.) (citing *Alt. Marine*, 571 U.S at 55).

[4] *Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (Lynn, C.J.).

[5] *Id.* (collecting cases).

[6] *Lawson v. U.S. Dep't of Just.*, No. 7:18-CV-00064-O, 2021 WL 2283735, at *2 (N.D. Tex. Mar. 22, 2021) (O'Connor, J.).

[7] *Id.* (quoting *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009)).

fire that occurred in Ohio, and therefore, a substantial part of the events giving rise to this claim occurred in Ohio, not Texas.

Air Vent responds that venue is proper in the Northern District of Texas because the present suit is a suit for indemnity and breach of contract. Therefore, although the events relating to the 2018 lawsuit occurred in Ohio, a substantial number of the events relating to the suit for indemnity and contribution occurred in this district. Specifically, Air Vent alleges the parties' entire relationship was centered around Dallas, Texas: Air Vent's principal place of business is in Dallas; the fan motor that allegedly caused the fire was shipped from Powermax to Air Vent in Dallas; all fan motors Air Vent purchased from Powermax/King of Fans through DMA were purchased through formal purchase orders issued from Dallas; Air Vent incorporated the fan motor at issue into the attic fan in Dallas; and Air Vent shipped the completed attic fan to the purchaser from Dallas.

The fact that a substantial number of events also took place in Ohio does not make venue improper in Texas. "'[T]he chosen venue does not have to be the place where the most relevant events took place,' but only where a 'substantial' part of the events or omissions giving rise to the claims occurred."[8]

The Court finds that, accepting Air Vent's well-pleaded allegations as true, it has met its burden of proving that venue is proper in the Northern District of Texas.

---

[8] *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 982 F. Supp. 2d 714, 722 (W.D. Tex. 2013) (quoting *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir.2008)).

Therefore, King of Fans' motion to dismiss for improper venue is **DENIED**. The Court next turns to the alternative motion to transfer.

### III.    Motion to Transfer Venue

Title 28, Section 1404 of the United States Code authorizes a district court, upon motion, to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice."[9] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[10] The Defendant has a "significant"[11] burden to prove that the transferee venue is "clearly more convenient than the venue chosen by the plaintiff."[12]

As a preliminary matter, "[t]he court must decide . . . 'whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.'"[13] Then, "[i]n cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[14] District courts analyze section 1404(a) transfers with private and public interest factors:

---

[9] 28 U.S.C. § 1404(a).

[10] *Atl. Marine*, 571 U.S. at 60.

[11] *AT&T Intell. Prop. I, L.P. v. Airbiquity Inc.*, No. 3:08-CV-1637-M, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (Lynn, J.).

[12] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (per curiam).

[13] *Canal Indem. Co. v. Palmview Fast Freight Transp., Inc.*, No. 3:09-CV-0451-D, 2010 WL 645833, at *2 (N.D. Tex. Feb. 24, 2010) (Fitzwater, C.J.) (quoting *In re Volkswagen*, 371 F.3d at 203).

[14] *DSA Promotions, LLC v. Vonage Am., Inc.*, No. 3:17-CV-3055-D, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[15]

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[16]

King of Fans must first establish that this suit could have originally been filed in the Southern District of Ohio:

> [A] transfer is authorized by [28 U.S.C. § 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants.[17]

Thus, King of Fans must show that venue is proper in the Northern District of Ohio and that the Northern District of Ohio has personal jurisdiction over all three defendants.

---

[15] *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

[16] *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) (quoting *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)).

[17] *Canal Indem. Co.*, 2010 WL 645833, at *2 (quoting *Ill. Union Ins. Co. v. Tri Core Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002) (Lynn, J.)).

Air Vent alleges that King of Fans has failed to prove that Ohio has jurisdiction over all three Defendants, specifically over the two Chinese corporations. King of Fans does not respond to this argument or provide the Court with any facts supporting jurisdiction over all three Defendants in Ohio. However, even assuming that this case could have been brought in Ohio, the Court finds that the private- and public-interest factors weigh against transferring this case to the Northern District of Ohio. King of Fans has not shown that the Northern District of Ohio is "clearly more convenient" than the Northern District of Texas, and therefore, Air Vent's choice of venue should be respected.[18]

The private-interest factors do not favor transferring venue to Ohio. First, King of Fans asserts that a substantial majority, if not all, of the documentary and physical evidence is located in Ohio, but it fails to identify the relevant evidence that is located in Ohio. Air Vent responds that the documents concerning the parties' relationship, including purchase orders, purchase order terms and conditions, communications, and product information, are located in Dallas. Further, the physical evidence is now located in Dallas: although the fan at issue was installed at the school in Ohio, it was recovered and removed after the fire and is currently located in the Dallas area.

And second, King of Fans argues that the location of witnesses in Ohio especially favors transfer of venue. The private-interest factors consider two

---

[18] *See In re Volkswagen*, 545 F.3d at 315.

categories of witnesses: willing and unwilling. Although King of Fans states that the majority of witnesses are located in Ohio, it has not specifically identified any witnesses and has provided no evidence that the witnesses are unwilling to travel. King of Fans merely states that Ohio non-party witnesses cannot be compelled to go to Texas for trial. This is insufficient. King of Fans must "identify specific witnesses for whom compulsory process is *necessary* but unavailable."[19] Even if the witnesses were all willing, King of Fans has failed to specifically identify the key witnesses and has not given a general statement of what their testimony will cover.[20]

The public-interest factors do not favor transfer either. Texas has a greater interest than Ohio in the present suit. It is true that Ohio had a strong interest in the 2018 suit concerning liability for the fire that damaged the Ohio school; however, Ohio has less of an interest in whether a Texas company is indemnified for its litigation expenses. And although King of Fans states that Ohio substantive law applies because the fire occurred in Ohio, this explanation does not address why Ohio law would apply to Air Vent's current claims for indemnity, breach of contract, and contribution. Air Vent's complaint sets forth Texas causes of action and alleges that the purchase orders and terms and conditions state that they are governed by Texas

---

[19] *AllChem Performance Prod., Inc. v. Oreq Corp.*, No. 3:11-CV-3577-D, 2013 WL 180460, at *4 (N.D. Tex. Jan. 17, 2013) (Fitzwater, C.J.).

[20] *Magana v. Toyota Motor Corp.*, No. 3:10-CV-1451-B, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010) (Boyle, J.) (quoting 15 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3851 (3d Ed. 2007)).

Law.  King of Fans disputes that there is a contract between the parties but does not respond to Air Vent's choice of law argument.

Because King of Fans has failed to prove that transfer to the Northern District of Ohio is "clearly more convenient" than proceeding in the Northern District of Texas, its motion to transfer is **DENIED**.

**IT IS SO ORDERED** this 25th day of October, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE